UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WISCONSIN

---

*In re*:

MARILYN MAY SLONIKER and
PEDRO BALDERRAMO JUSTO,

        Debtors.

Case Number: 24-11196-7

---

## **DECISION ON DEBTORS' REQUEST TO REMOVE TRUSTEE**

Debtors filed a document titled "Affidavit in Support" on November 4, 2024. One of the requests in that document was the removal of Brian Hart as the Trustee. Accompanying this document were 651 pages of attachments. The Court set a hearing on that request for December 3, 2024. The Notice of Hearing and Order established that any supplemental written response by the Debtors to the United States Trustee's objection to the request was due no later than November 25, 2024. Further, that any written response shall not exceed 20 pages including attachments. The Court also specified the time reserved for the hearing and for arguments by the Debtors and by the United States Trustee.

No written response was filed. The Court called the matter and appearances were stated. Ms. Sloniker requested cancellation or rescheduling of the hearing. Rescheduling was denied. The record was closed and the request to remove the Trustee was taken under advisement.

This constitutes the decision on the request to remove Trustee Hart based on the record.[1]

Debtors' Affidavit in Support references various other matters including motions for relief from stay. Those matters are not the subject of this decision and, if appropriate, will be addressed separately in other determinations.[2]

**FACTS**

Debtors Marilyn May Sloniker and Pedro Balderramo Justo ("Debtors") filed a voluntary Chapter 7 bankruptcy petition on June 13, 2024. This was the third bankruptcy case filed by Ms. Sloniker.[3]

The initial filing included the Voluntary Petition and a creditor matrix. Debtors also filed a Statement of Social Security Number and Certificate of Credit Counseling. Neither the Schedules, Statement of Financial Affairs, Statement of Monthly Income, nor Employee Income Records were filed on the petition date.

On July 1, Debtors requested more time to file schedules and a motion seeking additional time was filed on July 2. The Court granted until July 10 to file the required schedules and provide the required information. Then, on July

---

[1] The record includes a one-page list of eight items plus 650 pages in exhibits attached to the "Affidavit in Support." Paragraph 1 of the document is the request to remove the Trustee. It does not identify any of the attachments that Debtors believe relevant to the request.

[2] As noted, there was no notice that accompanied this document and no proof of service.

[3] Ms. Sloniker filed a Chapter 7 in July 2022, Case No. 02-14140, and received a discharge on October 29, 2002. A second Chapter 7 was filed in March 2011, and again Ms. Sloniker received a discharge in that case on August 17, 2011. She was pro se in each of those cases.

2

8, the Summary of Assets and Liabilities, Schedule A/B, Schedule C, Schedule D, Schedule G, Schedule H, Schedule I, Schedule J, Declaration, Statement of Financial Affairs, Statement of Current Monthly Income, and Employee Income Records were filed.

Trustee Christopher Seelen was appointed as the initial case trustee but rejected the appointment shortly after commencement due to a conflict with respect to a creditor. Nicole Pellerin was appointed as the successor trustee on July 9. She conducted the initial section 341 meeting of creditors on July 22. The section 341 meeting was to be continued to August 19. But Trustee Pellerin then resigned as a panel trustee upon leaving private practice.

On August 20, Trustee Brian Hart was appointed as successor trustee and the section 341 meeting was rescheduled to September 30. Trustee Hart concluded the meeting of creditors on September 30. The Debtors received a discharge on that date.

The Schedule C filed by Debtors contained claims of exemption under both federal exemptions and state exemptions. The Schedules and testimony at the section 341 meeting make reference to a Trust, and the Trustee requested a complete copy of the Trust document. In addition, the Trustee requested copies of the 2023 tax return, proof of insurance, copies of leases with tenants, information about investment accounts, contact information for accountants, and other related information. Debtors refused to provide all the requested information. When the information was not received, the Trustee moved to compel production.

Debtors did not amend Schedule C to select either the federal or the state exemptions. An objection to the Debtors' claimed exemptions was then filed.

The Court set hearings on Trustee Hart's motions for November 5. In response, the Debtors filed the "Affidavit in Support".[4],[5] The Affidavit says that Ms. Sloniker has "made multiple complaints about this trustee." It also states her belief that "[c]onspiracy against me is a violation." (ECF No. 70, p. 1) It does not state specific facts about the act or acts that were the subject of complaints or identify the person to whom the complaints were made.

At the November 5 hearing on the Trustee's motions, the Court granted Debtors two weeks to amend their Schedule C and provide the outstanding information request by Trustee Hart. To date no amended Schedule C has been filed. At the hearing on December 3, the Court granted an additional extension of time to amend to January 2, 2025.[6]

---

[4] The Court will construe the Debtors' filing as a motion requesting the relief of removal of Trustee Hart.

[5] Attached to the Affidavit in Support the Debtors included 37 exhibits comprising 650 pages of materials. The exhibits include personal affidavits, a "revocation of citizenship" addressed to the U.S. Secretary of State, a homemade criminal complaint, forensic loan analyses conducted by a person who appears to have been hired by the Debtors, "audits" conducted by that person, and Debtor Marilyn May Sloniker's birth certificate, among other items.

[6] At the hearing, Ms. Sloniker indicated she felt the official form was confusing and unclear. She said the official form did not make clear that a choice must be made to select either the federal or the state exemptions. But in her prior bankruptcy cases, Ms. Sloniker demonstrated the ability to understand and complete Schedule C.  She tells the Court that she was a bankruptcy petition preparer. Her representation of herself in both prior Chapter 7 cases demonstrates that in those cases, at least, she appeared to understand the ability to select either exemptions under 11 U.S.C. § 522(b)(1) using federal exemptions or 522(b)(2) using state exemptions. In the prior cases, she selected the federal exemptions and identified the specific sections for each

The United States Trustee objects to the Debtors' request for removal of Trustee Hart.

**DISCUSSION**

The Debtors' Affidavit in Support asks for removal of the Trustee. This decision addresses only that portion of the items sought in the Affidavit in Support.

I. Removal of Trustee Hart is Unwarranted

The United States Trustee ("UST") is the official of the United States Department of Justice charged with the responsibility to supervise the administration of cases and trustees in cases under Chapter 7, 11, 12, 13, or 15 of the Bankruptcy Code. Among the powers allocated to the UST under the Code is the appointment of Chapter 7 trustees. Specifically, 28 U.S.C. § 586(a) says, "Each United States trustee . . . shall—(1) establish, maintain, and supervise a panel of private trustees that are eligible and available to serve as trustees in cases under chapter 7 of title 11 . . . . " In this case, the UST appointed Trustee Hart as a member of the panel of trustees to serve as the Trustee.

The trustee appointed in a case is charged with the duties outlined by Congress in adopting 11 U.S.C. § 704. Those duties include:

> **(a)(1)** collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest;
>
> . . .

---

exemption claimed. The prior cases demonstrate Ms. Sloniker's understanding of the duty to cooperate with the bankruptcy trustee and provide requested information.

5

> **(4)** investigate the financial affairs of the debtor;
>
> . . .
>
> **(7)** unless the court orders otherwise, furnish such information concerning the estate and the estate's administration as is requested by a party in interest;
>
> . . . .

In other words, the primary duty of the trustee is to collect and reduce to money property of the estate, to investigate the financial affairs of the debtor, and take other steps consistent with the administration of the estate and the best interests of creditors.

Section 324 of the Bankruptcy Code states that a court, "after notice and a hearing, may remove a trustee . . . for cause." The Code doesn't define "cause."

> Under the Bankruptcy Code, causes for removal have included situations in which the trustee was found to be incompetent or unwilling to perform the duties of a trustee; the trustee was not disinterested or held an interest adverse to the estate; the trustee violated fiduciary duties owed to the estate; and the trustee was guilty of misconduct in office or personal misconduct.

3 COLLIER ON BANKRUPTCY, P 324.02[1] (16th ed. 2024) (citations omitted).

A nonexclusive list of reasons for the UST to remove a trustee from a panel or to remove a standing trustee are enumerated in 28 C.F.R. § 58.6(a). These reasons include failure to account for or safeguard funds, failure to perform duties in a timely and consistently satisfactory manner, substandard performance of duties, and failure to display proper temperament. Generally,

6

courts will not remove a trustee without actual fraud or injury. *See In re University Ave. Props.*, 55 B.R. 986, 991 (Bankr. E.D. Wis. 1986).

Here, the Debtors have provided no evidence or argument for why Trustee Hart should be removed from the case other than a conclusory statement that there is a conflict of interest. No actual fraud or injury has been identified or demonstrated. The Trustee has not liquidated or collected property of the estate that would require safeguarding. Instead, the Trustee has requested information consistent with the duties imposed by the statutes to investigate the financial affairs of the Debtors so that the Trustee has the information necessary to carry out the duties imposed on a bankruptcy trustee.

The Debtors suggest that they do not own property because, they argue, all property is now owned by a trust Ms. Sloniker says she created. Nonetheless they also claim any property is exempt. These arguments cannot be investigated or analyzed by a trustee without the complete requisite documents and information being provided to the bankruptcy trustee.

As noted by the UST, it appears the Debtors are frustrated with Trustee Hart's requests for information and investigation into possible estate assets. But those acts are Trustee Hart's duties under the Code, not grounds for dismissal. As a result, the Court denies the Debtors' request to remove Trustee Hart.

II.   Other Matters Related to Trustee Hart

Along with the removal of Trustee Hart, the Affidavit in Support says Debtor "would like time . . . to [file] an adversary complaint and an official

7

complaint with the Office of Lawyer regulation." (ECF No. 70, p. 1) Further, Debtor claims that there is a conspiracy against her.

Whether the court possesses jurisdiction to decide the merits of a case is a "threshold matter*." Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998). Subject matter jurisdiction cannot be waived or forfeited because it "involves a court's power to hear a case." *United States v. Cotton,* 535 U.S. 625, 630 (2002). "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868). Therefore, it is "an inflexible threshold matter that must be considered before proceeding to evaluate the merits of a case." *Matthews v. United States*, 72 Fed. Cl. 274, 278 (2006); *accord K-Con Bldg. Sys., Inc. v. United States*, 778 F.3d 1000, 1004–05 (Fed. Cir. 2015).

As the party seeking to invoke the court's jurisdiction, the Debtors bear the burden of establishing subject matter jurisdiction. *See Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). Dismissal for lack of subject matter jurisdiction is appropriate when the "court lacks the statutory or constitutional power to adjudicate it." *Id.*

The jurisdiction of the bankruptcy courts is defined by statute—section 1334(b) of Title 28—which provides that the district courts, and upon referral the bankruptcy courts, have original, but not exclusive, jurisdiction of all civil proceedings arising under, arising in, or related to a bankruptcy case. These

8

are terms of art that have a meaning that has developed over decades of Bankruptcy Code jurisprudence. And a related provision is the core/noncore distinction in 28 U.S.C. § 157(c)(1). Noncore matters are proceedings that do not invoke a substantive bankruptcy right and that could exist outside of bankruptcy.

The Office of Lawyer Regulation ("OLR") was established by the Wisconsin Supreme Court to assist it in the supervision of the practice of law and application of the Wisconsin Supreme Court Rules ("SCR"). Complaints under the SCR are in substantive areas of law over which this Court lacks jurisdiction. The provisions of the SCRs are created under state law and are not part of the U.S. Bankruptcy Code. So, any theoretical claim against the Trustee under the SCRs is not a matter arising under Title 11. This Court has no jurisdiction to consider, receive, or investigate any complaint that may be filed with the OLR.

To the extent the remaining statements in paragraph 1 of the Affidavit in Support are an allegation of some crime, this Court also lacks jurisdiction over such disputes. *See* 28 U.S.C. §§ 157, 1334. Such claims, if any, are best resolved in another forum in the interests of all concerned.

## CONCLUSION

The Court DENIES Debtors' request to Remove the Chapter 7 Trustee.

This decision constitutes findings of fact and conclusions of law under Bankruptcy Rule 7052 and Rule 52 of the Federal Rules of Civil Procedure.

9

A separate order consistent with this decision will be entered.

Dated: December 12, 2024

BY THE COURT:

Hon. Catherine J. Furay
U.S. Bankruptcy Judge